SHOOK, HARDY & BACON L.L.P.
Jason M. Richardson
One Montgomery, Suite 2600
San Francisco, California 94104
Telephone:    415.544.1900
Facsimile:    415.391.0281

Trent Webb (to be admitted *pro hac vice*)
Ryan J. Schletzbaum (to be admitted *pro hac vice*)
2555 Grand Blvd.
Kansas City, MO 64108

Attorneys for Apple Inc.
Apple Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., | Case No. 19-cv-6352 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,703,963** |
| PRINCEPS INTERFACE TECHNOLOGIES LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Apple Inc. ("Apple") files this Complaint for Declaratory Judgment of Noninfringement against Defendant Princeps Interface Technologies LLC ("Princeps" or "Defendant"), and in support of its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. Apple is a leading designer and manufacturer of mobile communication devices, personal computers and portable digital media players. As a result of its significant investment in research and development, Apple has developed innovative technologies that have changed the face of the computing and telecommunications industries for four decades.

3. Apple's many pioneering and revolutionary products spanning its history include the Macintosh PC (first released in 1984), PowerBook (first released in 1991), Newton (first released in 1993), PowerMac (first released in 1994), iMac (first released in 1998), iPod (first released in 2001), iTunes Store (opened in 2003), MacBook (first released in 2006), iPhone and Apple TV (first released in 2007), Apple App Store (opened in 2008), Siri (first released 2010), iPad (first released in 2010), Apple Watch (first released in 2015), and AirPods (first released in 2016).

4. The United States Patent & Trademark Office has awarded Apple thousands of patents protecting the technological inventions underlying Apple's groundbreaking products and services. Many well-known functionalities and features of Apple's products were made possible with the inventions of Apple engineers.

5. Defendant, on the other hand, is a patent assertion entity formed for the sole purpose of generating revenue by asserting patents against other companies' products. Defendant's prior actions and statements have created a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of noninfringement as to whether Apple products practice U.S. Patent No. 6,703,963 ("the '963 Patent" or "Asserted Patent").

6. Defendant has claimed, through claim charts and pleadings served on Apple, that certain Apple products infringe the '963 Patent. However, Apple's products do not infringe the '963 Patent, as detailed in the allegations below.

7. This Court should not allow the threat of a future lawsuit to harm and cause uncertainty to Apple's business.

**THE PARTIES**

8. Apple is a California corporation having its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple has over 20,000 employees who work in or near its headquarters in Cupertino, California.

9. On information and belief, Princeps is a Delaware corporation with a place of business at Princeps Interface Technologies LLC, c/o Kustal and Kustal, P.C., 261 West 35th Street, Suite No. 1003, New York, New York 10001.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Defendant is subject to personal jurisdiction in this Court because, on information and belief, Defendant has directed and continues to direct acts to this District, including acts pertaining to the Asserted Patent. For example, in connection with Defendant's business, Defendant has targeted at least one other company located in this District by asserting infringement allegations in this District for the same '963 Patent at issue here. *See Princeps Interface Techs. LLC v. ASUSTek Computer Inc., et al.* Case No. 4-19-cv-04298-JSW (N.D. Cal.). For these reasons and for those stated below, Defendant has continuous and systematic contacts within the State of California, including this District, and has purposefully directed business activities into and in this District.

12. Defendant served Apple with claim charts alleging that Apple's iPhone X, iPhone 8, iPad, iPad Pro, iPad Air, and iPod Touch using Apple's iOS operating system (the "Apple Accused Products") sold or offered for sale in this District infringe at least claims 1-3, 9, 12, and 60 of the '963 Patent. Furthermore, on information and belief, Defendant has engaged in conduct with other companies in efforts to monetize Defendant's intellectual property through litigation, including at least one lawsuit in this District involving the same '963 Patent at issue here. *See Princeps Interface*

*Techs. LLC v. ASUSTek Computer Inc., et al.* Case No. 5-19-cv-04298-JSW (N.D. Cal.). Defendant's Complaint in its lawsuit against *ASUSTek Computer Inc. et al*, acknowledges that the ASUS Computer International has its U.S. headquarters in Fremont, California, which is also in this District. *Id.*, ECF. No. 1, at 2. Defendant's conduct further includes serving claim charts and asserting infringement allegations for the '963 Patent against other corporations that have a principal place of business in this District, including Google LLC (headquarters located in Mountain View, California) and Samsung Semiconductor, Inc. (U.S. Regional Office located in San Jose, California). *See Princeps Interface Techs. LLC v. Google LLC, et al.*, Case No. 1:19-cv-01102-CFC (D. Del.); *Princeps Interface Techs. LLC v. Samsung Elecs. Co., Ltd, et al.*, Case No. 1:19-cv-01103-CFC (D. Del.). Defendant also asserts the above alleged infringers that all have principal places of business in this District (*i.e.*, ASUS Computer International, Google LLC, Samsung Semiconductor, Inc.) infringe the same patent claims being asserted against Apple: claims 1-3, 9, 12, and 60 of the '963 Patent.

13. This Court also has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the benefits of California law and has more than sufficient minimum contacts with California, including within this District, such that this declaratory judgment action meets the requirements of California's long-arm statute.

14. For example, Apple resides in this District and Defendant has alleged that Apple has committed acts of infringement in this District related to the Asserted Patent and the Apple Accused Products. This District is also the most convenient District for the present declaratory judgment claims because, among other things, witnesses and evidence concerning the Apple Accused Products are located in this District.

15. Additionally, Defendant is subject to specific personal jurisdiction in this Court and has consented to venue in this Court for purposes of litigating the '963 Patent because Defendant has initiated litigation in this Court concerning the '963 Patent. *See Princeps Interface Techs. LLC v. ASUSTek Computer Inc., et al.* Case No. 5-19-cv-04298-NC (N.D. Cal.).

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this

1  District and Defendant is subject to the Court's personal jurisdiction with respect to this civil action.

2  17.  For these reasons and the reasons set forth below, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## INTRADISTRICT ASSIGNMENT

18.  This is an intellectual property action subject to district-wide assignment pursuant to Local Rules 3-2(c) and 3-5(b).

## THE ASSERTED PATENT

19.  On March 9, 2004, the United States Patent and Trademark Office (the "Patent Office") issued the '963 Patent, entitled "Universal Keyboard" to Timothy B. Higginson. A true and correct copy of the '963 Patent is attached as Exhibit A. On information and belief, Princeps purports to own by assignment the '963 Patent.

20.  The '963 Patent issued from U.S. Patent Application No. 10/247,065 ("the '065 Application") filed on September 12, 2002.

21.  On June 20, 2003, the Patent Office rejected all claims in the '065 Application as either anticipated or obvious in view of the prior art.

22.  In response to this rejection, the applicant amended claim 1 of the '065 Application to require, among other things, that "the input keys and domain control are simultaneously presented by the input device."

23.  Also in response to the Patent Office rejection, the applicant for the '065 Application argued that amended claim 1 was patentable over the prior art. In particular, the applicant stated:

> [I]n contrast to simultaneously presenting the input keys and domain (level) control, as recited in claims 1, 36, and 64, the Platte '949 patent discloses replacing a previously displayed set of input/level selection keys, including a selected input key that initiated displaying a next input key level, by a new set of input keys. Thus, even in the event that an input (e.g., PLAY) key in the Platte remote control device is considered the claimed 'domain control,' the selected 'domain control' disappears from the input interface when the new set of input keys are presented on the input interface. Therefore, Platte does not disclose *simultaneously presenting the input keys and the domain control* (that selects one of multiple domain levels) as recited in amended claim 64 as well as claims 1 and 36.

**COUNT ONE**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,703,963)**

24. Apple repeats and realleges Paragraphs 1 through 23 of this Complaint.

25. Apple has not infringed and does not infringe at least claim 1 of the '963 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through its making, use, importation into the United States, sale, and/or offer for sale of the Apple Accused Products.

26. Claim 1 of the '963 Patent is directed to:

An information input device, comprising:

a functional mode control for selecting a first functional mode of operation of multiple functional modes of operation by the input device;

a domain control for selecting one of multiple domain levels within the first functional mode wherein each domain level is associated with a set of domain-level values;

a plurality of input keys, separate and distinct from the domain control, assigned to the set of domain-level values associated with a selected domain level and functional mode, wherein each input key assigned to a domain-level value is associated with a signal, representative of the domain-level value, transmitted by the input device in response to actuation of the input key; and

a function-specific display indicating a domain-level value associated with each input key for a currently selected functional mode and domain level combination, wherein the input keys and domain control are simultaneously presented by the input device. (Exhibit A, '963 Patent, at 13:28-49.)

27. The Apple Accused Products do not infringe at least claim 1 of the '963 Patent because the Apple Accused Products do not include every limitation required by claim 1. As one example, claim 1 requires the alleged input keys to be "separate and distinct from the domain control" and "assigned to the set of domain-level values associated with a selected domain level." According to Defendant's claim charts, the alleged "domain control(s)" in the Apple Accused Products are the Globe and Emoji symbols appearing in the lower left location on the iOS keyboard. Defendant's claim charts further allege that the characters on the iOS keyboard are input keys. However, in the Apple Accused Products the iOS keyboard characters are not input keys that are

separate and distinct from the Globe and Emoji symbols and assigned to a set of domain-level values within the meaning of claim 1.

28. Separately and additionally, the Apple Accused Products do not infringe at least claim 1 of the '963 Patent because the Apple Accused Products do not include a function-specific display wherein the input keys and domain control are simultaneously presented by the input device. In order to overcome the examiner's prior art rejections during prosecution, as explained above, the applicant amended claim 1 to require presenting the input keys and domain control simultaneously on the display and argued that the prior art did not disclose this limitation. According to Defendant's infringement claim charts, the alleged "domain control(s)" in the Apple Accused Products are the Globe and Emoji symbols appearing in the lower left location on the iOS keyboard. Defendant's claim charts further allege that the characters on the iOS keyboard are input keys. However, in the Apple Accused Products the iOS keyboard characters are not simultaneously displayed with the alleged associated domain control within the meaning of claim 1. For example, the Emoji symbol (*i.e.*, accused as being a domain control) does not appear simultaneously with Emoji characters (*i.e.*, accused as being input keys).

29. Accordingly, at least for the above reasons, the Apple Accused Products do not infringe at least claim 1 of the '963 Patent, either literally or under the doctrine of equivalents.

30. Apple also does not induce infringement of the '963 Patent, or otherwise indirectly infringe the '963 Patent, for at least the reasons stated above there is no direct infringement of the '963 Patent and because Apple has not acted with specific intent necessary for induced infringement.

31. Apple also does not contributorily infringe at least claim 1 of the '963 patent for at least the reasons stated above there is no direct infringement of the '963 Patent and because the Accused Products have substantial non-infringing uses, including, at least, inputting text using a QWERTY keyboard.

32. As set forth above, there exists an actual controversy between Apple and Defendant with respect to alleged infringement of the '963 Patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '963 patent are infringed. Accordingly, Apple desires a judicial determination and declaration of the respective

rights and duties of the parties with respect to the '963 Patent.

33. Apple is entitled to a judicial determination that Apple has not directly infringed, induced others to infringe, or contributed to the infringement of the asserted claims of the '963 patent.

34. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the claims of the '963 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Apple respectfully requests that judgment be entered:

A. Declaring that Apple has not and does not infringe, either directly, contributorily, by inducement, or willfully, any claim of the '963 patent by making, using, selling, offering to sell, and/or importing of the Apple Accused Products;

B. Finding this to be an exceptional case under 35 U.S.C. § 285, and awarding Apple its reasonable attorney's fees;

C. Awarding Apple its costs associated with this case;

D. Awarding Apple any other remedy or relief to which Apple may be entitled and which the Court deems just, proper, and equitable.

## **JURY DEMAND**

Apple demands a trial by jury on all claims and issues so triable.

October 4, 2019                                  Respectfully Submitted

                                                 SHOOK, HARDY & BACON L.L.P.

                                                 By: */s/ Jason Richardson*
                                                     Attorney for Apple Inc.