SHOOK, HARDY & BACON L.L.P.
Jason M. Richardson
One Montgomery, Suite 2600
San Francisco, California 94104
Telephone:     415.544.1900
Facsimile:     415.391.0281

Trent Webb (admitted *pro hac vice)*
Ryan J. Schletzbaum (admitted *pro hac vice*)
Lauren E. Douville (admitted *pro hac vice*)
Maxwell C. McGraw (admitted *pro hac vice*)
2555 Grand Blvd.
Kansas City, MO 64108

Attorneys for Apple Inc.

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>PRINCEPS INTERFACE TECHNOLOGIES LLC and PRINCEPS SECONDUS LLC,<br><br>        Defendants. | |
| PRINCEPS SECUNDUS LLC,<br><br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Counter-Defendant. | Case No.: 3:19-cv-6352-EMC<br><br>**APPLE INC.'S ANSWER AND COUNTERCLAIMS TO COUNTER-CLAIMANT PRINCEPS SECUNDUS LLC'S AMENDED COUNTERCLAIMS** |
| APPLE INC.,<br><br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>PRINCEPS SECONDUS LLC,<br><br>        Counterclaim-Defendant. | |

1    Counter-Defendant Apple Inc. ("Apple") files this Answer and Counterclaims to

2    Counterclaim-Plaintiff Princeps Secundus, LLC's ("Princeps II") Amended Counterclaims

3    ("Counterclaims"). Except as expressly admitted below, Apple denies each and every allegation set

4    forth in the Counterclaims. Apple responds to the numbered paragraphs of the Counterclaims and

5    the prayer for relief as follows:

6                              **NATURE OF THE ACTION**

7         1.    Apple admits that Princeps II purports to bring a counterclaim for patent

8    infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. Apple denies

9    that Princeps II states a meritorious claim for patent infringement against Apple and denies that it

10   has infringed the asserted patent in this District or elsewhere.

11                                **THE PARTIES**

12        2.    Apple lacks sufficient information to form a belief as to the truth of the allegations in

13   Paragraph 2 of the Counterclaims and on that basis denies them.

14        3.    Apple admits that it is organized under the laws of the state of California having a

15   principal place of business at One Apple Park Way, Cupertino, California 95014. Apple admits that

16   it has regular and established places of business in this District including Apple Stores that sell

17   Apple-branded products.   Apple denies the remaining allegation in Paragraph 3, including

18   specifically denying that Apple retail stores sold and/or sell infringing products in this District or

19   elsewhere.

20                           **JURISDICTION AND VENUE**

21        4.    Apple admits that this Court has subject matter jurisdiction over meritorious actions

22   for patent infringement generally under 28 U.S.C. § 1331 and 1338(a). Apple denies that Princeps II

23   states a meritorious claim for patent infringement against Apple and denies it has infringed the

24   asserted patent in this District or elsewhere.

25        5.    Apple admits the allegations in Paragraph 5.

26        6.    Apple admits that it conducts business in this District and that it is not challenging

27   personal jurisdiction in this matter.   Apple denies the remaining allegations in Paragraph 6,

28

1    including denying any and all allegations that Apple has infringed the asserted patent in this District

2    or elsewhere.

3           7.      Apple admits that it distributes, offers for sale, and sells Apple products in the

4    United States and in this District, and that it is not challenging personal jurisdiction in this matter.

5    Apple denies the remaining allegations in Paragraph 7, including denying any and all allegations

6    that Apple has infringed the asserted patent in this District or elsewhere.

7           8.      Apple admits that it transacts business in this District and that it is not challenging

8    personal jurisdiction in this matter.  Apple denies the remaining allegations in Paragraph 8,

9    including denying any and all allegations that Apple has infringed the asserted patent in this District

10   or elsewhere.

11                                          **BACKGROUND**

12          9.      Apple admits that Exhibit A to the Counterclaims appears on its face to be an

13   uncertified copy of U.S. Patent No. 6,703,963 ("the '963 patent"). Apple further admits that the face

14   of the '963 patent lists Timothy B. Higginson as the inventor of the '963 patent. Apple is without

15   sufficient information to form a belief of the truth of the remaining allegations in Paragraph 9 and

16   on that basis denies them.

17          10.     Apple admits that the face of the '963 patent states that provisional patent application

18   No. 60/323,680 was filed on September 20, 2001. Apple lacks sufficient information to form a

19   belief as to the truth of the remaining allegations set forth in Paragraph 10 and on that basis denies

20   them.

21          11.     Apple admits that Paragraph 11 includes language that appears in the specification of

22   the '963 patent. Apple lacks sufficient information to form a belief as to the truth of the remaining

23   allegations set forth in Paragraph 11 of the Counterclaims and on that basis denies them.

24          12.     Apple admits that Paragraph 12 includes language that appears in the specification of

25   the '963 patent. Apple lacks sufficient information to form a belief as to the truth of the remaining

26   allegations set forth in Paragraph 12 of the Counterclaims and on that basis denies them.

27

28

1    **Technological Innovation**

2        13.    Apple admits that Paragraph 13 includes language that appears in the specification of

3    the '963 patent. Apple denies the remaining allegations in Paragraph 13 of the Counterclaims.

4        14.    Apple denies the allegations set forth in Paragraph 14 of the Counterclaims.

5        15.    Apple denies the allegations set forth in Paragraph 15 of the Counterclaims.

6        16.    Apple denies the allegations set forth in Paragraph 16 of the Counterclaims.

7        17.    Apple denies the allegations set forth in Paragraph 17 of the Counterclaims.

8        18.    Apple denies the allegations set forth in Paragraph 18 of the Counterclaims.

9        **COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,703,963**

10        19.    Apple incorporates by reference each of its responses set forth in Paragraphs 1-18

11    above as if fully set forth herein.

12        20.    Apple admits that the face of the '963 patent bears a "Date of Patent" of March 9,

13    2004 and is titled "Universal Keyboard."  Apple lacks sufficient information to form a belief as to

14    the truth of the remaining allegations set forth in Paragraph 20 of the Counterclaims and on that

15    basis denies them.

16        21.    Apple denies any allegation of infringement of the '963 patent. Apple lacks

17    sufficient information to form a belief as to the truth of any remaining allegations set forth in

18    Paragraph 21 of the Counterclaims and on that basis denies them.

19        22.    Apple admits that Exhibits A-1 and A-2 appear to be Princeps II's preliminary and

20    exemplary claim charts. Apple denies the remainder of the allegations in Paragraph 22, and

21    specifically denies that it has committed any acts of infringement.

22        23.    Apple denies the allegations of Paragraph 23, and specifically denies that it

23    committed any acts of infringement.

24        24.    Apple admits that it was served with a complaint in the District of Delaware

25    identifying the '963 patent on or around June 18, 2019.  Apple denies the remaining allegations of

26    Paragraph 24, and specifically denies that it committed any acts of infringement.

27

28

25.     Apple denies the allegations of Paragraph 25, and specifically denies that it committed any acts of infringement.

26.     Apple admits that it is a for-profit organization.  Apple denies the remaining allegations of Paragraph 26, and specifically denies that it committed any acts of infringement.

27.     Apple denies the allegations of Paragraph 27, and specifically denies that it has committed any act of infringement.

28.     Paragraph 28 does not contain facts that Apple must admit or deny. To the extent Paragraph 28 contains any allegations that require a response, Apple denies them and specifically denies that it committed any acts of infringement.

## JURY DEMAND

29.     Paragraph 29 does not contain facts that Apple must admit or deny.

## PRAYER FOR RELIEF

30.     Princeps II's prayers for relief (A)-(D) each contain a request for relief to which no response is required.  To the extent that a response is required to Princeps II's prayer for relief, Apple denies that Princeps II is entitled to any relief from Apple in connection with the Counterclaims including, without limitation, the relief specified in Princeps II's prayer for relief contained in Paragraph 34(A)-(D).

## APPLE'S DEFENSES

Apple pleads the following defenses to Counterclaim-Plaintiff's Counterclaim. Apple reserves the right to amend its Answer to add additional defenses not presented herein, including but not limited to those defenses revealed during discovery. Without admitting or acknowledging that Apple bears the burden of proof as to any of the following, based on information and belief, Apple asserts the following defenses:

## FIRST DEFENSE

One or more of the claims of the '963 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq.,

1   including 35 U.S.C. §§ 101, 102, 103 and/or 112. Apple incorporates the allegations in its

2   counterclaims.

3                                    **SECOND DEFENSE**

4        Apple has not directly or indirectly infringed, either literally or under the doctrine of

5   equivalents, any valid claim of the '963 patent. Apple incorporates the allegations in its declaratory

6   judgment complaint.

7                                    **THIRD DEFENSE**

8        Counterclaim-Plaintiff's claims for infringement of the '963 patent are barred, in whole or

9   in part, by the doctrines of prosecution history estoppel and/or prosecution disclaimer due to

10  representations, amendments, arguments, and admissions made to the United States Patent and

11  Trademark Office during prosecution of the '963 patent.

12                                   **FOURTH DEFENSE**

13       Counterclaim-Plaintiff's claims for alleged damages or costs are barred, in whole or in part,

14  by 35 U.S.C. § 288.

15                                   **FIFTH DEFENSE**

16       Counterclaim-Plaintiff's pleading fails to state a claim for patent infringement or to state a

17  claim upon which relief can be granted.

18

19                                   **COUNTERCLAIMS**

20       Apple incorporates by reference its above responses as if fully set forth herein.   In

21  accordance with Rule 13 of the Federal Rules of Civil Procedure, Apple asserts the following

22  counterclaims against Princeps II.

23                                      **PARTIES**

24       1.     Apple is a California corporation having its principal place of business at 1 Apple

25  Park Way, Cupertino, California 95014.

26       2.     On information and belief, Counterclaim-Defendant Princeps Secundus LLC is a

27  limited liability company organized under the laws of the State of Delaware with a place of

28

Apple's Answer and Counterclaims              - 6 -              Case No.: 3:19-cv-6352-EMC

1    business at Princeps Secundus LLC, 261 West 35th Street, Suite No. 1003, New York, New York

2    10001.

3                                    **JURISDICTION AND VENUE**

4           3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

5    1331 and 1338(a) because this action involves claims arising under the patent laws of the United

6    States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201

7    and 2202.

8           4.      Princeps II has consented to this Court's personal jurisdiction by asserting

9    counterclaims for patent infringement against Apple in this Court.

10          5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

11                                          **COUNT I**

12                  (**Declaration of Invalidity of U.S. Patent No. 6,703,963**)

13          6.      Apple repeats and realleges Paragraphs 1 through 5 of this Counterclaim.

14          7.      None of the asserted claims of the '963 patent are valid because the claims fail to

15   meet the conditions of patentability and/or otherwise comply with one or more provisions of 35

16   U.S.C. § 101 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

17          8.      For example, at least claim 1 of the '963 patent is invalid as anticipated and/or

18   obvious under 35 U.S.C. §§102 and/or 103 in view of at least U.S. Patent No. 6,597,374 to Baker,

19   Sanchez, and Tobey, alone or in combination with other prior art.  The '374 Patent was filed on

20   November 12, 1998 and discloses an input device with a "functional mode control for selecting a

21   first functional mode of operation" (e.g., touchscreen 16 or wheel 24 in Figure 1 for selecting a first

22   functional mode among multiple functional modes, e.g., "Watch TV," "Watch DVD," or "Watch a

23   Video," etc.). The '374 Patent further discloses "a domain control for selecting one of multiple

24   domain levels within the first functional mode" (e.g., soft buttons 94 and 96 to select among

25   multiple domain levels, e.g., "Page 1 of 2" or "Page 2 of 2" as reflected in Figures 6A and 6B). The

26   '374 Patent further discloses "a plurality of input keys, separate and distinct from the domain

27   control" (e.g., soft buttons depicted in Figures 6A and 6B). The '374 Patent discloses a "function-

28

1    specific display indicating a domain-level value associated with each input key" (e.g., "8" in Figure

2    6A and "Mute" in Figure 6B). And the aforementioned input keys (soft buttons) are presented

3    simultaneously with the domain controls (e.g., buttons 94/96). Attached as Exhibit 1 is a true and

4    correct copy of the '374 Patent.

5          9.      Additionally, all asserted claims of the '963 patent are invalid because they claim

6    patent-ineligible subject matter in violation of 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS*

7    *Bank International*, 573 U.S. 208 (2014). First, the claims at issue are directed to "patent-ineligible

8    concepts," *id.*, including the abstract idea of displaying and using a keyboard with multiple input

9    values assigned to each key. Keyboards have existed for well over one hundred years. Having a

10   mobile computer perform the functions of a keyboard does not transform this abstract idea into one

11   that is patentable. Second, the asserted claims "both individually and 'as an ordered combination,'"

12   do not "transform the nature of the claim into a patent-eligible application." *Id.* (quoting *Mayo*, 566

13   U.S. at 75-80). More specifically, the claims do not contain an "inventive concept'—*i.e.*, an element

14   or combination of elements that is sufficient to ensure that the patent in practice amounts to

15   significantly more than a patent upon the ineligible concept itself. *Id.* at 235 (quoting *Mayo*, 566

16   U.S. at 72-73). Again, the claims recite nothing more than a keyboard with keys that can represent

17   more than one character. Typewriters and QWERTY keyboards have long had this functionality.

18   The claims do not improve the functionality of a computer. The asserted claims likewise do not

19   claim any improvements to the alleged disadvantages of any of the prior art. However, even if the

20   claims did recite any such improvements, *e.g.*, a keyboard smaller than prior art QWERTY

21   keyboards, they would still not contain an inventive concept under step 2 of *Alice*.

22         10.     Paragraph 22 of Princeps II's Counterclaims asserts that Apple has infringed and

23   continues to infringe at least claim 1 of the '963 Patent.

24         11.     There exists a substantial controversy of sufficient immediacy and reality to warrant

25   the issuance of a declaratory judgment as to whether the asserted claims of the '963 patent are valid.

26         12.     Apple is entitled to a judicial determination that the asserted claims, including at

27   least claim 1, of the '963 patent are invalid.

28

1

**PRAYER FOR RELIEF**

2    WHEREFORE, Apple respectfully requests entry of judgment in its favor and against

3  Counterclaim-plaintiff as follows:

4    A.    Enter judgment declaring that each asserted claim in the '963 patent is invalid;

5    B.    That the Court find this to be an exceptional case under 35 U.S.C. § 285, entitling

6        Apple to an award of reasonable attorney's fees;

7    C.    That the Court award Apple its costs associated with this case;

8    D.    For such other and further relief as the Court may deem just, proper, and equitable.

9

10  May 11, 2020                                  Respectfully Submitted

11                                                SHOOK, HARDY & BACON L.L.P.

12                                                By: /s/ *Ryan J. Schletzbaum*
                                                  Attorney for Apple Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28